UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIUS SÄMANN LTD. and
CAR-FRESHNER CORPORATION,

           Plaintiffs,

v.                                     Civil Action No.

EBAY INC. and
ALCONE MARKETING GROUP, INC.,

           Defendants.

---

## COMPLAINT

Plaintiffs Julius Sämann Ltd. ("JSL") and Car-Freshner Corporation ("Car-Freshner"), by and through their attorneys, Bond, Schoeneck, & King, PLLC, as and for their Complaint against the Defendants, eBay, Inc. ("eBay") and Alcone Marketing Group, Inc. ("Alcone"), allege as follows:

1.     This is an action for trademark and trade dress infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and N.Y. General Business Law § 360-*l*, as well as unfair competition under the common law of the State of New York.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 1338(a). This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 1367(a).

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as the defendant has committed and is continuing to commit acts of infringement in this District.

## THE PARTIES

4.  Plaintiff JSL is a corporation organized and existing under the laws of Bermuda and has a principal place of business at Chancery Hall, 52 Reid Street, Hamilton HM 12, Bermuda.

5.  Plaintiff Car-Freshner is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

6.  Upon information and belief, Defendant eBay is a corporation organized and existing under the laws of the state of Delaware and has a place of business at 2145 Hamilton Avenue, San Jose, California 92614. Defendant eBay is registered to do business in the State of New York.

7.  Upon information and belief, Defendant Alcone is a corporation organized and existing under the laws of the state of California and has a place of business at 4 Studebaker, Irvine, California 92618. Defendant Alcone is registered to do business in the State of New York.

## BACKGROUND

8.  Since at least 1952, Plaintiff JSL, through its predecessors and its exclusive trademark licensee Plaintiff Car-Freshner, has controlled the manufacture and sale of absorbent bodies impregnated with a perfumed air deodorant (*e.g.*, air fresheners) in conjunction with the following trademark and design ("the TREE mark and design"):



9.  Through marketing efforts and strict quality control standards, Plaintiffs have developed immeasurable goodwill in the TREE mark and design.

10. Based on its continual and exclusive use of the TREE mark and design in commerce in connection with the sale of absorbent bodies impregnated with a perfumed air deodorant, Plaintiff JSL obtained Federal Registration No. 719,498 ("the Federal Registration").

11. The Federal Registration is in full force and effect and is owned by Plaintiff JSL.

12. Plaintiff Car-Freshner uses the registration symbol "®" in association with the TREE mark and design and in conjunction with the advertising and promotion of the goods which are the subject of the Federal Registration.

13. Plaintiffs routinely monitor the use of the TREE mark and design by others to insure that the mark is not being used in a manner that is likely to cause confusion as to the source of origin of the goods, that is likely to lead consumers into thinking there may be some affiliation or sponsorship by Plaintiffs, or that dilutes the goodwill Plaintiffs have developed in the marks.

954544.1

14. Plaintiff JSL has subsequently obtained registrations for a series of trademarks related to the TREE mark and design ("the Family of TREE marks and designs"). For example, Plaintiff JSL is the owner of Federal Registration Nos. 1,131,617, 1,726,888, 1,781,016, 1,791,233, 2,645,673, and 2,741,364 for the following marks, respectively, as used in connection with goods such as, for example, air fresheners, automobile accessories, cleaning products, duffle bags, and stuffed animals:



15. On or around November 2003, Plaintiffs discovered that Defendants were selling novelty air fresheners having a shape and design ("the Infringing Design") nearly identical to the design of the Family of TREE marks and designs.

16. Plaintiffs have no adequate remedy at law.

### AS AND FOR A FIRST CAUSE OF ACTION FOR
### FEDERAL TRADEMARK INFRINGEMENT

17. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "16" as if fully set forth herein.

18. Defendants' advertisement, sale, and distribution in commerce of air fresheners having the Infringing Design are likely to cause confusion as to the source of the goods in light of Plaintiffs' Family of TREE marks and designs.

19. Defendants' acts constitute trademark and trade dress infringement under 15 U.S.C. § 1114(a) and (b), and/or false designation of origin under 15 U.S.C. § 1125(a).

954544.1

20. Plaintiffs have suffered and will continue to suffer immediate and irreparable injury as a result of Defendants' use of the Infringing Design.

21. Upon information and belief, Defendants have acted willfully and with wanton disregard for Plaintiffs' statutory rights.

22. Plaintiffs are entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116, as well as monetary damages under 15 U.S.C. § 1117(a).

23. Because of Defendants' willful and wanton acts, this action qualifies as an "exceptional case" and Plaintiffs are entitled to an award of treble damages, as well as costs and attorneys' fees under 15 U.S.C. § 1117(b).

## AS AND FOR A SECOND CAUSE OF ACTION FOR STATE AND COMMON LAW UNFAIR COMPETITION

24. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "23" as if fully set forth herein.

25. Defendants' use of the Infringing Design is likely to cause, and has caused Plaintiffs injury, and has diluted the distinctive quality of the Family of TREE marks and designs in violation of N.Y. General Business Law 360-*l* and the common law of the State of New York.

26. Defendants have acted in bad faith.

27. As a result of these actions, Plaintiffs are entitled to preliminary and permanent injunction relief, notwithstanding any direct competition between the parties or the absence of confusion as to the source of good and services, as well as damages as a result of Defendants' unfair competition.

28. Plaintiffs are also entitled to an award of damages for Defendants' unfair competition in an amount to be determined at trial.

## PLAINTIFFS DEMAND A TRIAL BY JURY

954544.1

WHEREFORE, Plaintiffs request that this Court enter judgment:

    (a)    in favor of Plaintiffs and against Defendants on Counts I through II;

    (b)    pursuant to 15 U.S.C. § 1116 and/or N.Y. Gen. Bus. § 360-*l*, preliminarily and permanently enjoining Defendants and each of their agents, servants, employees, attorneys, officers, subsidiaries, parents, affiliates and all others in privity and acting in concert with them from:

        (i)    using any of the Family of TREE marks and designs, or any trademark or other names or marks, designs, phrases, or logos that are confusing similar to the Family of TREE marks and designs;

        (ii)    otherwise infringing on the Family of TREE marks and designs; and

        (iii)    unfairly competing with Plaintiffs, diluting the distinctiveness of their trademarks, or otherwise injuring Plaintiffs' business reputations in any manner;

    (c)    pursuant to 15 U.S.C. § 1118, directing Defendants and each of their agents, servants, employees, attorneys, officers, subsidiaries, parents, affiliates, and all others in privity and acting in concert with them to deliver up for destruction all goods and packaging bearing the infringing mark, as well as all catalogs, advertisements, labels, signs, prints, packages, wrappers, receptacles, computer files, electronic tapes, hard drives, floppy disks, or other computer memory and all other materials in their possession, custody, or control bearing the infringing marks, or any other reproduction, counterfeit, copy or colorable imitation of the Family of TREE marks and designs, and all plates, molds, matrices and other means of making or duplicating the same;

    (d)    finding that Defendants' acts were committed willfully;

954544.1

(e) pursuant 15 U.S.C. § 1117(a) and (b), requiring Defendants to account and pay to Plaintiffs damages in an amount sufficient to compensate them for the injury they have sustained, plus all profits attributable to Defendants' sale of the infringing goods, and further finding that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Defendants' unlawful conduct;

(f) pursuant to 15 U.S.C. § 1117(b), granting Plaintiffs all costs and fees incurred in connection with this action, including attorneys' fees; and

(g) granting such other, further, different or additional relief as the Court deems equitable and proper.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Dated: March 10, 2004

By: _____
George R. McGuire, Bar Roll No. 509058
David L. Nocilly, Bar Roll No. 510759

Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

*Attorneys for Plaintiffs*

954544.1